[Crim. No. 13985.  Second Dist., Div. One.  July 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES LOUIS WOLFE et al., Defendants and Appellants.

Dale C. Reid, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from judgments of conviction of selling narcotics.

In an indictment filed in Santa Barbara County on February 21, 1967, defendants were jointly charged in counts I, II and III with having sold marijuana in violation of section 11531 of the Health and Safety Code on December 30, 1966, January 7, 1967, and January 13, 1967, respectively. Wolfe was individually charged in count IV with having sold marijuana on December 25, 1966, Bender was individually charged in count V with having sold marijuana on December 29, 1966. Each defendant pleaded not guilty to the respective charges. In a jury trial each defendant was found guilty as charged in the indictment. Probation was denied. Each defendant was sentenced to the state prison. The sentences were ordered to run concurrently with each other. A timely notice of appeal was filed by each defendant.

Angelo Ortiz was employed as an undercover agent to work at a Columbia Records plant in Santa Maria in September 1966, primarily to ferret out record thieves within the plant. During November 1966, Ortiz was offered some pills by one of the employees and the contraband was delivered to the plant manager. The information with reference thereto was relayed to the Santa Maria police and a meeting was arranged between Ortiz and some members of the police department. Ortiz was asked to assist in weeding out some known narcotics pushers for which he was to receive no compensation nor was he to consider himself employed by the police department. From the date of that meeting until about December 24, 1966, Ortiz saw the detective at least 12 times to turn over purchases of marijuana and pills to the detective. Ortiz received no compensation for any of the contraband he had obtained, he received no expenses for gasoline or otherwise from the city or from the police department. He was reimbursed by the detective for all monies expended for the purchases of the contraband, including the monies paid to appellants. Ortiz was not kept under surveillance by the police.

Because of the single contention made by the appellants we think it is unnecessary to set forth the facts in detail with reference to each count. Suffice it to say that there is substantial evidence by way of the testimony of Ortiz and other evidence that each defendant did make the sale or sales as charged. It is also true that in no instance was Ortiz being watched by the police during an entire transaction. There was never less than an hour elapsing (in one instance sixty hours elapsed) between the time of the purchase and sale and the delivery of the marijuana to the police. Ortiz, however, testified in detail with reference to each purchase and related exactly as to what was done. The jury obviously believed him and apparently the trial judge also believed him. The appellants were not believed.

Appellants' sole contention is that their convictions are not supported by the evidence because Ortiz was not under police surveillance when he purchased the narcotics in question and as a consequence that there is a gap in the proof of the prosecution in establishing that appellants in fact sold narcotics to Ortiz.

Appellants place full reliance in what is stated in *People* v. *Lawrence,* 168 Cal.App.2d 510, 513-515 [336 P.2d 189]. What is said in *People* v. *Hawkins,* 218 Cal.App.2d 151, 154 [32 Cal.Rptr. 392] is appropriate and dispositive of the matter, namely,

"Defendant's contention that the evidence is insufficient is based upon his erroneous contention that where an informer or undercover agent testifies at the trial of the person from whom he claims to have purchased narcotics, the rules applying to the use of an informer who does not testify apply. Thus he asserts that the failure of the police officers to keep the informer under constant observation brings the case within the rule of *People* v. *Barnett* (1953) 118 Cal.App.2d 336 [257 P.2d 1041], where it was held that such failure constituted a fatal flaw in the chain of evidence. This rule does not apply where the operator who actually purchases the narcotics testifies. In all of the cases following *Barnett* (*i.e.,* reversing judgments of conviction) the undercover operator or informer did not testify and the judgments were reversed because other parties from whom the operator might have bought the narcotics were not eliminated as the source thereof. [Citations.] In the instant case the operator, Rudy Lopez, testified that he purchased the narcotics from the defendant. This would merely raise a question of credibility for the jury to consider

in light of the fact that he was not under constant observation. The fact is that by his testimony there is direct evidence of the source of the narcotics.''

The judgments are and each of the same is affirmed.

Wood, P. J., and Lillie, J., concurred.